**David John Campbell**
**3408 Igleheart Avenue**
**Evansville, Indiana 47712**
**(812) 228-0939**



FILED
DISTRICT COU·
·NSVILLE DIVIS·

2010 AUG -6 AM 11: 56

·ERN DISTRICT
· F INDIANA
·URA A. BRIC·
CLERK

## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF INDIANA

# CIVIL ACTION NO:    3 : 1 0 -cv- 1 1 8    RLY -WGH

David John Campbell,
Plaintiff,

vs.

County of Vanderburgh, in its individual and official capacities,

Vanderburgh County Prosecutor's Office, in its individual and official capacities,

Stanley M. Levco, in his partnership, in his individual and official capacities,

Robert J. Pigman, in his partnership, in his individual and official capacities,

Scott R. Bowers, in his partnership, in his individual and official capacities,

James Doyle, in his partnership, in his individual and official capacities,

Terrell Mauer, in his in his individual and official capacities,

Sheila Corcoran, in her individual and official capacities,

City of Evansville, in its individual and official capacities,

Evansville Police Department, in its individual and official capacities,

Chief of Police Brad Hill, in his individual and official capacities,

Officer J.D. Townsend, in his individual and official capacities,

Officer W.C. Nutt, in his individual and official capacities,

Detective Kenneth Taylor, in his individual and official capacities,

Christina Bowler, in her individual and official capacities,

Joanne Stonestreet, in her individual and official capacities,

Mike Daugherty, in his individual and official capacities,

Sharon Daugherty, in her individual and official capacities,

Tami Kellems, in her individual and official capacities,

John Clardy, in his individual and official capacities,

Legal Aid Society of Evansville, Inc., in its partnership, individual and official capacities,

Kevin Gibson, in his partnership, individual and official capacities,

Goedde Law Offices, PC in its partnership, individual and official capacities,

Craig Goedde, in his partnership, individual and official capacities,

Javitch, Block & Rathbone, LLP, in its partnership, individual and official capacities,

Loren Raven, in his partnership, individual and official capacities,

Jane/John Doe(s), in their partnership, individual and official capacities,

Defendants.

## CIVIL RIGHTS COMPLAINT

## A. PARTIES

1. Plaintiff David Campbell ["Plaintiff"], is a natural person residing at 3408 Igleheart
Avenue, Evansville, Indiana, Vanderburgh County United States of America, was and

still is a resident of Vanderburgh County Indiana freely exercising constitutional rights at all relevant times to this complaint, and is the biological Father of Campbell.

2. Campbell is a natural person residing in an unknown place in the United States of America; was an incapacitated person due to age at all relevant times to this complaint, and is biological son of Plaintiff.

3. Tiffany Campbell ["Tiffany"], is a natural person residing at 4322 N. Elgin Ave. Tulsa, OK United States of America, was a resident of Vanderburgh County, Indiana at all times relevant to this complaint, and is biological sister of Plaintiff and Aunt of Xxavier Alex Campbell.

4. Linda Lone["Linda"], is a natural person residing at 3762 Woodbridge Dr. Evansville, Vanderburgh County, Indiana United States of America at all times relevant to this complaint, and is biological Mother of Plaintiff, Tiffany Campbell, and Grandparent of Campbell.

5. Defendant Christina L. Bowler (aka Christina Bowler, Christina White, Christina Bawer, Christina Campbell, Kristina Bolin)["Christina"], was employer of Craig Goedde and Legal Aid Society of Evansville, Inc. and working at 2819 N.St.Joseph Avenue Evansville, Vanderburgh County, Indiana United States of America acting under color of law and/or neglecting to prevent harm to Plaintiff by act and/or omission at all times

relevant to this complaint, and is biological Mother of Campbell.

6. Defendants Vernon and Joanne Stonestreet ["Stonestreet"] reside as a matrimonial union at an unknown address in Fort Branch Gibson County Indiana United States of America working through 1301 W. Franklin St. Evansville Vanderburgh County Indiana Local#20 Sheet Metal Union Hall acting under color of law and/or neglecting to prevent harm to Plaintiff by act and/or omission at all times relevant to this complaint.

7. Defendants Mike and Sharon Daugherty["Daugherty"] reside as a matrimonial union at 1564 Maxwell Avenue Evansville Vanderburgh County, Indiana acting under color of law and/or neglecting to prevent harm to Plaintiff by act and/or omission at all relevant times to this complaint.

8. Defendant John Clardy ["Clardy"], a convicted murderer of Vanderburgh County residing at 6534 N.300 E. W. Lafayette, Tippecanoe County, Indiana acting under color of law and/or neglecting to prevent harm to Plaintiff by act and/or omission at all times relevant to this complaint armed with dangerous and/or deadly weapons provided by Evansville Police Department during a violent civil disorder maintained by Evansville Police Department.

9. Defendant Tami Kellems ["Tami"], residing at 1204 Parker Dr. Evansville, Vanderburgh County, Indiana acting under color of law and/or neglecting to prevent harm to Plaintiff by act and/or omission at all times relevant to this complaint.

10. Defendant Craig Goedde ["Goedde"], who is an attorney and a member of the Indiana Bar, is a partner *in fact* or partner by *estoppel* and/or employed by the law firm known as Goedde Law Offices 2211 W. Franklin St. Evansville, Indiana 47712 residing at 10012 Chatodd Ct. Evansville Vanderburgh County Indiana, United States of America, acting under the color of law and/or neglecting to prevent harm to Plaintiff by act and/or omission at all times relevant to this complaint.

11. Defendant Kenneth Taylor ["Taylor"], was a resident of Evansville, Vanderburgh County, Indiana, United States of America, and a duly-appointed police officer and/or detective in the Evansville Police Department acting under the color of law at all times relevant to this complaint armed with dangerous and/or deadly weapons and/or neglecting to prevent harm to Plaintiff by act and/or omission.

12. Defendant J.D.Townsend ["Townsend"], was a resident of Evansville, Vanderburgh County, Indiana, United States of America, and a duly-appointed police officer in the Evansville Police Department acting under the color of law at all times relevant to this complaint armed with dangerous and/or deadly weapons while maintaining a violent civil disorder and/or neglecting to prevent harm to Plaintiff by act and/or omission .

13. Defendant W.C.Nutt ["Nutt"], was a resident of Evansville, Vanderburgh County Indiana, United States of America, and duly appointed police officer of Evansville police department, acting under the color of law at all times relevant to this complaint armed with dangerous and/or deadly weapons and/or neglecting to prevent harm to Plaintiff by

act and/or omission.

14. Defendant Lt. Everely ["Everly"], was a resident of Evansville, Vanderburgh County Indiana, United States of America, and duly appointed police officer of Evansville police department, acting under the color of law at all times relevant to this complaint armed with dangerous and/or deadly weapons and/or neglecting to prevent harm to Plaintiff by act and/or omission.

15. Defendant Loren Raven["Raven"], who is an attorney and a member of the Indiana Bar, is a partner *in fact* or partner by *estoppel* and/or employed by the law firm known as Javitch, Block & Rathbone, LLP at 303 N. Alabama St., Suite 210 Indianapolis Marion County Indiana United States of America acting under the color of law at all times relevant to this complaint.

16. Defendant Kevin Gibson ["Gibson"], who is an attorney and member of the Indiana Bar, is a partner *in fact* or by *estoppel* and/or employed by the law firm known as Legal Aid Society of Evansville, Inc. and a friend of the court at 1 NW Martin Luther King Jr. Blvd., Ste.105 Evansville Vanderburgh county, Indiana acting under the color of law at all times relevant to this complaint.

17. Defendant Robert J. Pigman ["Pigman"], who is an attorney, an Indiana Bar member, and duly appointed Vanderburgh County Judge *in fact* or by *estoppel* acting under the color of law and/or failing to prevent harm to Plaintiff at all times material to this

complaint.

18. Defendant Scott R. Bowers ["Bowers'] who is an attorney, an Indiana Bar member, and duly appointed Vanderburgh County Judge *in fact* or by *estoppel* acting under the color of law and/or failing to prevent harm to Plaintiff at all times material to this complaint.

19. Defendant Terrell Mauer ["Mauer"], who is an attorney, an Indiana Bar member, and duly appointed Vanderburgh County Judge *in fact* or by *estoppel* acting under the color of law and/or failing to prevent harm to Plaintiff at all times material to this complaint.

20. Defendant Stanley M. Levco ["Levco"], who is an attorney, an Indiana Bar member, and duly appointed Vanderburgh County Prosecutor in a special position of trust *in fact* or by *estoppel* acting under the color of law and/or failing to prevent harm to Plaintiff at all times material to this complaint.

21. Defendant Sheila Corcoran ["Corcoran"], who is an attorney, an Indiana Bar member, and duly appointed Vanderburgh Prosecutor in a special position of trust *in fact* or by *estoppel* acting under the color of law and/or failing to prevent harm to Plaintiff at all times material to this complaint.

22. Defendant James Doyle ["Doyle"], who is an attorney, an Indiana Bar member, and duly appointed Vanderburgh County Prosecutor in a special position of trust *in fact* or by

*estoppel* acting under the color of law and/or failing to prevent harm to Plaintiff at all times material to this complaint.

23. Defendant City of Evansville ["Evansville"], is a Municipal Corporation and/or political subdivision organized and operating under the laws of the United States of America and/or Indiana. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was the public employer of Evansville Police department defendants Brad Hill, J.D. Townsend, W.C. Nutt, Kenneth Taylor, LT.Everly and unknown Policemen and ordained persons for injury neglecting to prevent harm to Plaintiff occasioned thereby under the doctrine of *respondeat superior* or by *estoppel* acting under the color of law at all times relevant to this complaint by act and/or omission.

24. Evansville Police Department ["EPD"], is a Municipal corporation and/or political subdivision organized and operating under the laws of the United states of America and/or the State of Indiana. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, employees, and for injury occasioned thereby. It was the employer of defendants Chief Brad Hill, officer Townsend, officer Nutt, Kenneth Taylor, Lt.Everly and unknown Policemen and ordained persons and for injury neglecting to prevent harm to Plaintiff occasioned thereby under the doctrine of *respondeat superior* or by *estoppel* acting under the color of law at all times relevant to this complaint by act and/or omission. 25. At all times

material to this Complaint, Defendants Chief of Police Brad Hill, officers Townsend, Nutt, Kenneth Taylor, Lt.Everly and unknown Jane/John Doe(s) were dangerously armed with deadly weapons acting toward Plaintiff in a special position of trust under color of the statutes, ordinances, customs, and usages of the Commonwealth of Indiana.

25. Defendant Vanderburgh County and/or Vanderburgh Board of Commissioners ["Vanderburgh"], is a Municipal Corporation and/or political subdivision organized and operating under the laws of the United States of America and/or the State of Indiana located at1 NW Martin Luther King Jr. Blvd. Civic Center Complex-Rm 305 Evansville Vanderburgh County Indiana, public employer and/or governing entity for all Vanderburgh County agencies, department and employees and at all times relevant to this complaint responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury neglecting to prevent harm to Plaintiff occasioned thereby under the doctrine of *respondeat superior* or by *estoppel*.

26.Defendant Vanderburgh Legal Aid Society of Evansville, Inc. ["Legal Aid"], is employer of Kevin Gibson and a law firm organized and operating in a special position of trust under the laws of the United States of America and/or the State of Indiana located at 1 NW Martin Luther King Jr. Blvd., Ste.105 Evansville, Vanderburgh County Indiana United States of America , at all times relevant to this complaint, and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury neglecting to prevent harm to Plaintiff

occasioned thereby under the doctrine of *respondeat superior* or by *estoppel.*

27. Defendant Vanderburgh County Prosecutor's Office ["Prosecutor"], of Vanderburgh County Indiana is employer of Stanley M. Levco, James Doyle, Sheila Corcoran and unknown prosecuting attorneys organized and operating in a special position of trust under the laws of the United States of America and/or the State of Indiana located at Civic center Complex Admin.Bldg.-Rm108 Evansville Vanderburgh County Indiana United States of America at all times relevant to this complaint, and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury neglecting to prevent harm to Plaintiff occasioned thereby under the doctrine of *respondeat superior* or by *estoppel.*

28. Defendant Goedde Law Offices ["Goedde Law"], is employer of Craig Goedde and a law firm organized and operating under the laws of the United States of America and/or the State of Indiana located at 221 W. Franklin St. Evansville Vanderburgh County Indiana 47712, United States of America, at all times relevant to this complaint and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury neglecting to prevent harm to Plaintiff occasioned thereby under the doctrine of *respondeat superior* or by *estoppel.*

29. Defendant Javitch, Block & Rathbone,LLP ["J.B.&R"}is employer of Loren raven and a law firm organized and operating under the laws of the United States of America and/or the State of Indiana at 303 N. Alabama St., Suite 210 Indianapolis Marion County

Indiana United States of America acting under the color of law at all times relevant to this complaint , and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury neglecting to prevent harm to Plaintiff occasioned thereby under the doctrine of *respondeat superior* or by *estoppel*.

30. Unknown Jane/John Doe(s) residing in unknown areas in and outside Indiana Counties and cities at all relevant times to this complaint acting in a special position of trust under the color of law towards Plaintiff by act and/or omission. All defendants are sued in their individual and official capacities.

31. All defendant public officials, subordinates and persons known and unknown are charged with knowing to be in a special position of trust and duty of upholding the laws of the United States of America and/or the State of Indiana at all times in good behavior relevant to this complaint and are sued in their individual and official capacities for actions violating and/or neglecting to prevent violating United States and/or Indiana Constitutions and/or laws by act and/or omission towards Plaintiff.

## B. JURISDICTION

32. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1343, 1355, 1361 and 18 U.S.C. §§ 3231.

33. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and

arises under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v.</u> <u>Gibbs</u>, 383 U.S. 715 (1966).

## C. NATURE OF CASE

34. Plaintiff was by act and/or omission partially disabled, deprived liberty, property, equal protection of laws, policies, customs, and/or practices under the color of law by Defendants (some dangerously armed) failing to prevent harm to Plaintiff's property, person, financial interests and desirability of enjoying everyday life since the occurrences herein below complained of by Plaintiff.

## D. FACTS

35. On or about October 21, 1998 Plaintiff was detained and arrested by EPD's Kenneth Taylor wearing a Bulova nugget design wristwatch, upon transfer to another facility the watch disappeared from Evansville Police Station and/or Plaintiff's personal property without Plaintiff/Owner consent inappropriately depriving plaintiff of a costly wristwatch under the color of law. see exhibit "A"

36. On or about November 12, 2007 at and/or inside EPD, Evansville, Indiana EPD by Lt.Everly and other unknown Evansville employees did obstruct privileges of VAF Appeal finger printing procedures and immediately began commanding Plaintiff cannot have guns- rudely shoving Plaintiff and Plaintiff's testicles forcefully unreasonably searching Plaintiff against a wall in and outside clothing for approximately 5 minutes while hatefully growling "*shut up*" to Plaintiff verbally expressing discomfort loudly and how the Lieutenant owned the Police station and  <u>Plaintiff</u>  was trespassing in his station

and Plaintiff *could go to jail* for trespassing making plaintiff travel outside city limits to obtain VAF appeal material inconveniencing and costing unnecessary time and money for fuel under the color of law. see exhibit"A"

37. At no time at all times relevant to this complaint did Plaintiff give consent by any means to any person to enter his private residence nor did anyone possess any known legal permission from any authority to enter Plaintiff's steel gated, NO TRESSPASSING sign posted private property where public easily view Plaintiff's wishes as instructed by Indiana laws under the color of law. see exhibit "A"and"O"

38. At all times relevant all defendants were subject to United States and Indiana Constitutions and laws acting as public employees for their own financial gain, advantageous use of special position in law and/or justice and who should know the laws of the land because defendants are attorneys, employees of attorneys, have attorneys at their disposal and/or otherwise familiar with legal procedures and possible consequences for misusing public offices and/or authoritative positions while acting under color of law. see exhibit "A"

39. On or about August 28, 2008 around 10:00p.m. after Plaintiff discovered a voicemail from Christina heard by several witnesses she was done with Plaintiff and never coming back and would "fix" Plaintiff for not wanting to maintain the *poisoned* romantic relationship recorded around 9:00 p.m. see exhibit "A"

40. On or about August 28, 2008 at 3408 Igleheart Avenue, Evansville, Indiana

Evansville Police did unconsensually, forcefully and provokingly invade Plaintiff's property and dwelling after awakening plaintiff from sleep yelling they "*will most certainly break the door down*" while fiercely beating on the door until its glass pane fell causing a crash under the color of law. see exhibit "A"

41. On or about August 28, 2008 around midnight two unknown Evansville Police armed with black pistols pointed at Plaintiff's body shouting "MOVE!" continuously keeping Plaintiff under extreme duress via gunpoint for approximately 40 minutes throughout the home once opening the door unconsensually allowing Christina and an unknown person to enter, search, ransack and seize all plaintiff's court documents and important papers, Chevy blazer keys, Plaintiff's work tools, Plaintiff's work clothes, $132.00 cash, one white gold ring and two sterling silver rings belonging to Plaintiff against Plaintiff's wishes without a warrant or documentation or observing Plaintiff property rights in Indiana under the color of law. see exhibit "A"

42. On or about August 30, 2008 around 12:00 p.m. EPD at 3408 Igleheart Avenue Evansville, Indiana by numerous Evansville Police Officers did without a warrant or documentation or observing Plaintiff's property rights unconsensually intrude in and on Plaintiff's private property and dwelling holding Plaintiff against his will outside his dwelling for approximately 45 minutes unconsensually permitting Christina to enter his dwelling unreasonably searching and seizing an undeterminable amount of money belonging to          and other articles of Plaintiff's personal property : a Shark vacuum cleaner, a Law dictionary, Plaintiff's IBEW school books and work clothing under the color of law. see exhibit "A"

43. On or about September 2, 2008 around 9:00 a.m. at 3408 Igleheart Avenue Evansville Indiana Christina, Tami, Mike and Sharon Daugherty, Clardy, Stonestreet, and unknown John/Jane Doe(s) chaperoned by officer Townsend and other unknown Evansville Police did without a warrant or documentation or observing Plaintiff's property rights unconsensually invade Plaintiff's private property and dwelling unreasonably searching and seizing Plaintiff's possessions against his will and recklessly cause damage to the antique porch swing structure outside Plaintiff's home, alter Plaintiff's automobile fuses in Chevy Blazer, cause loss of Plaintiff's employment as a Union Sheet Metal Worker for Local #20, ruining Plaintiff's financial interest and desirability for personal property inappropriately taken and/or altered during unreasonable invasions of Plaintiff's property and dwelling by others under the color of law. see exhibit "A","B","W"

44. On or about September 2, 2008 at 9:10 a.m. Plaintiff was recklessly and/or wantonly tasered within the confines 3408 Igleheart Avenue Evansville, Indiana unconsciously from unexplainable burning sensation of taser after initial pain of puncture from hollow large gauge dart deployment into Plaintiff's body parts awakening to see an uniformed black man holding the taser used to prevent Plaintiff's privileged responses attempting to stop the unlawful entry and unlawful invasion of his home and the unreasonable force used in searching and seizing of personal property from the home in progress at that time under the color of law. see exhibit"A"and"B"

45. On or about September 2, 2008 Plaintiff was handcuffed inside his home and made to remain uncomfortably on the living room floor by Evansville Police officer Townsend for approximately 30 minutes while taser darts were still remained inside Plaintiff's body

instructing the black man to tase Plaintiff again if Plaintiff were to move at all as property was continuously inappropriately removed from plaintiff's home –suddenly the taser went off again tasing plaintiff and was removed from the black man as W.C. Nutt watched smiling and/or neglecting to prevent harm to Plaintiff caused by Townsend and others under the color of law. see exhibit"A"and"B"

46. On or about September 2, 2008 around 9:40 a.m. inside 3408 Igleheart Avenue Evansville Indiana after Plaintiff was forced under duress to submit to unorthodox and unsanitary removal of taser darts by unknown medical persons and Evansville Police disregarding patient's requested rights to receive care elsewhere and/or refuse care at that moment, Plaintiff was placed inside an Evansville Police car like a hostage over repeated requests for medical attention for an undetermined amount of time with hands and wrists numb bleeding from the handcuff pressure on the open puncture wounds in Plaintiff's body created when persons ripped the darts from Plaintiff's body parts (removing pieces therewith) destroying Plaintiff's t-shirt with taser dart holes and placed in a Police car to be driven around for an undetermined amount of time passing Vanderburgh Jail while the officer lectured Plaintiff how much better he was than Plaintiff while laughing that he never been convicted of a felony unlike Plaintiff under the color of law. see exhibit"A"and"B"

47. On or about September 2, 2010 in Vanderburgh County, Evansville Indiana EPD by officer Townsend and Nutt knowingly caused to be written a fraudulent affidavit weapons were legally seized and unprovoked disorderly conduct making unreasonable noise was reasoning for a determination of a breach of peace under governmentally

created exigent circumstances Evansville Police created, maintained and completed for Christina, Clardy, Tami, Sharon Daugherty, Stonestreet, Mike Daugherty, Jane/John doe(s) against the peace and dignity of Plaintiff, Plaintiff's son Xxavier, and Plaintiff's property thereafter caused and/or aided initiation of criminal prosecution of Plaintiff via information to Vanderburgh knowing the statements in the affidavit to contain untruths and illegally obtained evidence but failed to correct and/or mitigate the effects of the untruths and circumstances of the false pretenses concealed by act and/or omission obstructing due course of justice by involved parties under the color of law. see exhibit"B"and"C"

48. On or about September 2, 2008 around 5:00 p.m. after Plaintiff's arrest it was discovered by Plaintiff after posting $50.00 bond $200.00 cash and an active food stamp card was missing out of Plaintiff's wallet with damages to Plaintiff's wallet, left hand ring finger digit and abdomen causing permanent scars to Plaintiff's body and indefinite limited use of the damaged digits, a cracked Driver's license, disorganized wallet contents, numerous scratches to Plaintiff's Seiko Le Grand Sport titanium wristwatch and watch mineral-crystal faceplate, scratches, dents and gouges to Plaintiff's rings, scratches to Plaintiff's prescription titanium eyeglasses and lens(s), damages to clothing from taser darts not previously existing prior to the unprovoked governmentally created exigent circumstances under the color of law. see exhibit"A"

49. On or about September 3, 2008 around 2:00 p.m. Plaintiff was seized and restrained with handcuffs while still injured and under doctor's care for an undetermined amount of time no longer than 30 minutes for allegedly breaking a temporary restraining ORDER

and was unreasonably searched thoroughly by EPD for attempting to recover personal property inappropriately taken by others and contact information from Christina without suing as instructed by 9-1-1 dispatch so Plaintiff can begin rebuilding and enjoying everyday life and visit son causing more damage to Plaintiff's Seiko Le Grand Sport Titanium wristwatch, sterling silver Men's id bracelet depreciating their value further and inflicting irritating indentation/welts and/or abrasions to Plaintiff's wrists caused by tight-fitting handcuffs placed in front of Plaintiff's person making Plaintiff extremely uncomfortable and frustrated for an undeterminable amount of time longer than 24 hours under the color of law. see exhibit "A"

50. On or about October 4, 2008 around 10:00 p.m. at 3408 Igleheart Avenue Evansville, Indiana EPD by numerous Evansville Police Officers mumbling they would shoot Plaintiff again with plenty of guns available to handle Plaintiff if Plaintiff resists did consensually unlatch and open Plaintiff's gate entering Plaintiff's property commanding Plaintiff and Tiffany Campbell to remain outside and still while Christina, Tami, Daugherty and unknown John/Jane Doe(s) entered Plaintiff's residence unreasonably searching and seizing without inventory *at will* whatever they desired discretely leaving behind Plaintiff's automobile key to a 2003 Chevy Blazer laying in the grass to the right of Plaintiff's property discovered later while cleansing property of cigarette butts left by (female) Police and retrieving damaged license plates Plaintiff witnessed Evansville Police verbally instruct Christina to bend under the color of law. see exhibits"A","D","O","P"

51. On or about August 8, 2009 around 3:00 p.m. two unknown Evansville Police did

detain, seize, uncomfortably handcuff Plaintiff behind the back and escort Plaintiff out of Deaconess Hospital for attempting the use of Evansville Police to retrieve|_____'s whereabouts and current contact information enabling Plaintiff to exercise parental rights and stop concealment of Plaintiff's minor child pursuant to Schneckloth v. Bustamonte, 412 U.S. 218,231 (1973) under the color of law. see exhibit"A"and"E"

52. On or about August 8, 2009 Evansville Police while involuntarily detaining a handcuffed Plaintiff for approximately 10 minutes against a painfully hot police car unreasonably without probable cause did scratch Plaintiff's Lorus wristwatch and mineral face crystal and Id bracelet while unreasonably searching and seizing plaintiff's wallet thereafter keeping Plaintiff's valid Indiana Driver's License while uncomfortably detaining Plaintiff inside the irritatingly hot Police car with the windows completely closed for approximately 20 minutes prior to release at Deaconess Hospital under the color of law. see exhibit"A"

53. On or about August 19, 2009 during a phone conversation about data subject interests recorded by EPD of Evansville Indiana, Plaintiff was deprived personal data subject information access and corrections by all means by telephone and was additionally verbally cautioned not to go on Vanderburgh Courthouse property or call back ever again by an unknown female secretary of EPD and additionally told to go get a Court ORDER by another male employee to enable data subject privileges causing records to go uncorrected indefinitely against plaintiff's wishes creating an unfair *character taint* under the color of law. see exhibit"A"

54. Vanderburgh on or about October 8, 2001 Plaintiff was quietly and wantonly

*resentenced* without a mandatory hearing where Plaintiff was present by Bowers enabling *concealment* and/or *cushioning* of Plaintiff's unconstitutional incarceration without constitutionally adequate counsel and/or civil awards for denying Plaintiff a fair hearing on the Contempt charge in cause: 82D02-9810-CF-784 concealing Vanderburgh wrongs keeping plaintiff falsely imprisoned for the crimes of Burglary and surprise amendment to receiving stolen property in Kentucky improperly under the color of law. see exhibit"A"and "U"

55. On or about September 2, 2008 Christina petitioned Vanderburgh Courts Pro-Se and secured by fraud a restraint of plaintiff's liberty by misrepresenting circumstances surrounding Plaintiff's actions as *unprovoked* and her own unlawful positioning implying Plaintiff conducted himself in an inappropriate manner requiring an emergency ORDER to protect her from Plaintiff's actions towards her despite Plaintiff's privileges of immunity in the qualifying circumstances acting in self-defense (as determined later by Vanderburgh) under the color of law. see exhibit"A"and"G"

56. On or about September 30, 2008 Vanderburgh and Legal Aid entertained and maintained a legal proceeding for Christina knowing the same to be unjust after witnessing testimony and evidence of both parties to the action no threats were made at any time after a competent definition of a threat was stated by Vanderburgh to all but still issued an erroneous ORDER for Christina over the word of both parties because one surprise witness Daugherty was recklessly reciting fabricated evidence illegally obtained of how *threats* were made to *cause serious bodily harm* obtained during the multiple invasions of plaintiff's home where petitioner and witness inappropriately enriched

themselves with plaintiff' property during the days in question under the color of law. see exhibit"B"and"A"

57. On or about September 30, 2008 Vanderburgh allowed Legal Aid Attorney Gibson to obtain 2 year permanent ORDER of restraint for Christina and            under IC 34-26-5-1 individually and collectively outside boundaries of Indiana Rules of Court and Indiana laws against Plaintiff after both parties to action testified "on record" no threats were made immediately after a competent definition of a threat was provided, there was an insufficient recitation of facts and circumstances demonstrating need for ORDER of protection under IC 34-26-5-2 by petitioning party compounded by an extremely reckless misrepresentation of circumstances and legal positioning surrounding the incident was maintained unfairly and/or deceitfully by all parties against Plaintiff in 82D03-0809-PO-4878 causing irreparable damages to lost liberties under the color of law. see exhibit"A"and"G"

58. Vanderburgh does not have means for pro-se indigent uninterrupted access to case file copies, copies for filing purposes, mailing procedures, means of preparing documents and/or litigation strategies at attorney standards for persons electing to proceed pro-se in Evansville and/or Vanderburgh County areas since on or about October 21, 1998 causing unfair convictions under the color of law. see exhibit"A"

59. On or about September 3, 2008 Vanderburgh by Levco did entertain criminal action: 82D05-0809-CM-05986 against Plaintiff concealing unlawful dangerously armed invasions of Plaintiff's dwelling by others chaperoned by EPD through trickery and/or a scheme concealing Evansville Police warrantless unreasonable entries, undocumented

unreasonable searches and seizures in and on Plaintiff's land and dwelling involuntarily without probable cause or correcting public records after investigation and disposition of the matter under the color of law. see exhibit"A"and"C"

60. On or about January 27, 2009 Vanderburgh by Pigman did entertain cause:82D05-0809-CM-05986 allowing Corcoran to use a surprise witness, deceitfully misrepresent evidence used at trial was properly seized by act and/or omission, maintain unconsensual government actions were just by act and/or omission and damages noticed while Plaintiff was responding to his home being unlawfully invaded and taken over was irrelevant by act and/or omission and criminal in nature: unentitled to qualified immunity privileges by act and/or omission against a pro-se Plaintiff and/or obstructing due course of law and justice under the color of law. see exhibit"A"

61. Vanderburgh never provided Plaintiff a constitutionally mandated copy of the charging information in causes: 82D05-0809-CM-05986, 82D02-9810-CF-844, and 82D 05-9809-CM-06157 by act and/or omission in a timely manner obstructing due course of law and justice confusing Plaintiff as to facts why arrested until trial under the color of law. see exhibit"A"

62. Vanderburgh by its employees obstructed by act and/or omission uninterrupted access to the entire case file on numerous occasions and confer with relevant parties needed to aid in self-defending Plaintiff throughout cause: 82D05-0809-CM-5986 restricting Plaintiff's presentation of favorable evidence to prove innocence constructively contributing to the unfair criminal trial under the color of law. see exhibit"A"

63. A general request for exculpatory material evidence repeatedly requested from complaining parties by Plaintiff throughout cause: 82D05-0809-CM-05986 in Vanderburgh were unfairly refused, concealed and/or suppressed by its own acts and/or omission failing to prevent an unjust criminal conviction under the color of law. see exhibit"A"

64. Vanderburgh deliberately used known false, fabricated and/or illegally obtained evidence and testimony in a trial to unfairly convict Plaintiff who should have knowingly been constitutionally immune from criminal prosecution throughout cause: 82D05-0809-CM-05986 while responding to an illegal use of force created by local governmental agencies under the color of law. see exhibit"A"and"B"

65. Vanderburgh by act and/or omission caused the EPD's warrantless, undocumented, unreasonable armed entries to Plaintiff's property and dwelling, unreasonably searching and seizing personal property uninventoried belonging to Plaintiff to go unnoticed by other Vanderburgh officials and/or outside agencies depriving Plaintiff of a fair hearing resulting in an unfair guilty verdict tainting Plaintiff's background check, aiding in obstructing due course of justice of patterned criminal acts depriving people equal rights in Vanderburgh by Evansville Police and Vanderburgh officials, an unjust penalty enrichment for Vanderburgh through deprivation of equal qualified immunity privileges while reasonably responding to a believed excessively forced unlawful unreasonable armed invasion and take-over of plaintiff's dwelling by Evansville Police and others under the color of law. see exhibit"A"and"F"

66. On or about September 30, 2009 Bowers of Vanderburgh, did deceivingly and

wantonly command to Plaintiff and listeners in opposition of Plaintiff's beliefs supported by Federal Laws Plaintiff "could not possess a gun" in cause: 82D03-0809-PO-04878 thereafter issuing an unnecessary AMENDED ORDER alerting all relevant policing agencies Plaintiff did not possess a license to carry gun under the color of law. see exhibit "G"

67. On or about November 17, 2008 to the present Vanderburgh did maintain and fail to correct its erroneous protection ORDERS and alerts when mandatory in cause: 82D03-0809-PO-04878 where Plaintiff was defending himself against unlawful entry and invasion of his property and/or dwelling-deemed an act of self–defense January 27, 2009 protecting of Plaintiff's property and dwelling by Pigman of Vanderburgh causing improper liberty restraints on Plaintiff to remain in full force under the color of law. see exhibit"G", "F"and"A"

68. On or about September 30, 2008 Bowers of Vanderburgh inappropriately denied Plaintiff mandatory money awards for constitutional violations by petitioning Parties to action returning personal property inappropriately taken – despite witnessing petitioner's admissions property was inappropriately seized by petitioning party and others and an insignificant portion of the property was returned on record 28 days later which caused Plaintiff's involuntary separation from employment, financial homicide, and indefinite daily inconveniences as they surface under the color of law. see exhibit "G","A","D"

69. On or about March 9, 2009 Vanderburgh unfairly privileged Target National Bank to bring action without prepayment of fees and costs without proper request documentation

despite Indiana Law, circumstances, case subject matter and/or persons similarly situated with meritorious action not affording same privileges to all similarly situated under the color of law. see exhibit "H" pp. 4

70. On or about June 6, 2009 Vanderburgh improperly denied Plaintiff relief *involuntarily dismissing* the matter over 60 days after Plaintiff's victorious oral argument supported by overwhelming evidence in cause: 82D03-0903-CC-01237 thereafter silently by another Judge unjustly enriching Target National Bank in the amount of $5,956.38 plus interests and court costs when less than $5,956.38 plus interests and court costs is just under the uncontested circumstances of the action and equal privileges of FDCPA in Indiana under the color of law. see exhibit"A",

71. On or about February 9, 2010 Vanderburgh by Mauer recklessly and/or incompetently by act and/or omission allowed Geode to falsely represent Christina as the owner of evidence contained in court files for cause: 82D01-0812-JP-669 consisting of a video cassette recording submitted and owned by Plaintiff circumstantially acquired and knowingly took inappropriate control of Plaintiff's video cassette in a manner other than consented to for unexplained public and/or private usage and/or his own gain without justly compensating Plaintiff depriving Plaintiff of known interests in property rights and privileges under the color of law. see exhibit"A"and"I"

72. On or about February 9, 2010 Vanderburgh by Mauer over offensively and wantonly sarcasmed it was never considering custody modification for Plaintiff at all despite it was significant subject matter pending in cause:82D01-0812-JP-669 and would not punish actions by counsel during the proceeding revealing on record an incompetent and/or

unfair decision-maker prejudicially depriving Plaintiff custody unfairly without regard to circumstances and/or facts surrounding the matter before the court placing Plaintiff in an unfair and offensive position by act and/or omission and/or failing to prevent harm to Plaintiff and Xxavier family ties under the color of law. see exhibit"A"

73. On or about February 9, 2010 Vanderburgh without consideration for Plaintiff's indigency and/or financial resources ORDERED Plaintiff to undergo supervised visitations and Vanderburgh has no effective means for supervised visitation aiding in further irreparable alienation of Plaintiff from his biological son by act and/or omission since the September 2, 2008 and September 30, 2008 erroneous ORDERs by act and/or omission under the color of law. see exhibit"A"and"I"

74. On or about February 9, 2010 in Vanderburgh County, Vanderburgh by Mauer unfairly and recklessly punished Plaintiff's verbal characterization of Christina's admissions to suffering from mental defects as "suffering from mental defects" defined and characterized by Indiana law *in those same words* occasionally requiring temporary institutionalization of Christina on suicide watch, at will consumption of various mind altering medication(s) and periodic guidance for everyday decision-making abilities form therapist while Christina admitted while crying how she concealed the involuntary death of her second child by beatings of an ex-husband and how another child was removed from her custody within the last 5 years because of her drug and alcohol addictions compounded by multiple changes in Christina's stable living conditions and not cooperating with Plaintiff by growling angry sounding words directed at Plaintiff as if the testimony was irrelevant and/or inappropriate under the color of law. see exhibit "A"

75. On or about February 18, 2010 Vanderburgh by Mauer and Goedde did cause an ORDER restricting Parental rights of |_____ s Grandmother and Aunt without proper reasoning and the incompetent Judge to retain jurisdiction without any input on Plaintiff's wishes to pass without service and/or approval of Plaintiff depriving Plaintiff and other relevant parties of all possible relief unfairly placing Plaintiff and other relevant parties in an unfair and offensive position by deceitful act and/or omission and/or failing to prevent harm to Plaintiff,| _____ Linda, Tiffany, and others wanting to visit with |_____ under the color of law. see exhibit"I"

76. On or about August 28, 2009 in Vanderburgh County, Vanderburgh did deny discovery compulsion of evaded discovery requests for relevant information and Plaintiff's son's address and/or contact information if " The Center" was not used for visitation *sua sponte* without proper reasoning preventing Plaintiff and others from all forms of contact with|_____ characterizing Plaintiff as the domestically abusive problematic initiator of the September 2, 2008 incident and acting inappropriately while responding to an unlawful invasion and takeover on his property and home and Plaintiff would most certainly certainly act in an inappropriate manner based on evidences never seen or offered by any party to action : 82D01-0812-JP-669 under the color of law. see exhibit "A"and"I"

77. On or about August 28, 2009 Vanderburgh did allow Goedde to heckle and harass Plaintiff while proceeding pro-se and testifying but failed to correct and/or mitigate effects of actions of Christina's counsel creating an unstable intimidating atmosphere deterring Plaintiff from a complete reporting of facts how Goedde and/or Christina had

committed crimes during the matter, were misrepresenting domestic relations issues between the actioning parties, submitting known fabricated evidence and/or false, illegally obtained evidence from Evansville Police to unfairly taint outcome and relief sought in the contested hearing by Plaintiff and unfairly taint Plaintiff's character inappropriately in matter :82D01-0812-JP-669 under the color of law. see exhibit"A"

78. Throughout cause:82D01-0812-JP-669 Vanderburgh deprived Plaintiff a fair hearing when recklessly allowing Geode to falsely represent Christina as a domestic and/or family violence victim when Vanderburgh ruled in case:82D05-0809-CM-05986 actions of Plaintiff were self-defense January 27, 2010 and never determined by any means was Christina a domestic or family violence victim despite protection ORDER issued in 82D03-0809-PO-04878 unjustly depriving Plaintiff of his true character and properly accustomed relief available as sought under the color of law. see exhibit"A"

79. On or about July 22, 2010 in Vanderburgh County, Vanderburgh Juvenile Division secretaries did fail to timely file Plaintiff's MOTION TO SHOW CAUSE upon submission as commonly practiced by Courts across the world prejudicing the just presentation of Plaintiff's case demonstrating constructive oversight of deceitful actions by all parties against Plaintiff in cause:82D01-0812-JP-669 conveniently aiding concealment of inappropriate litigation practices and/or obstruction of due course of justice by Geode under the color of law. see exhibit "J"

80. On or about May 18, 2009 Vanderburgh incorrectly misstated Plaintiff/Defendant information in ORDER(S) and failed to issue amended ORDER(S) allowing confusion to

be maintained and spread to concerned parties' enforcement of privileges outside the courtroom under the color of law. see exhibit "I"and"J"

81. On or about August 28, 2009 in Vanderburgh County, Vanderburgh by Mauer recklessly annulled privileged indigency status without mandatory statutory findings in fact and law Plaintiff misconducted his privileged position unfairly obstructing relief sought and available in further prosecution of cause: 82D01-0812-JP-669 when Plaintiff attempted a MOTION TO SHOW CAUSE bringing to light misconduct by all opposing parties by act and/or omission under the color of law. see exhibit"A"and"K"

82. Vanderburgh erroneously counseled Plaintiff he had to sell belongings to obtain legal representation to defend the matter brought through Vanderburgh Prosecutor's Office and granted pauper status and began unnecessarily admonishing Plaintiff what a Motion To Show Cause was in an inflated time consuming manner causing Plaintiff confusion unfairly prejudicing and prolonging presentation of Plaintiff's positioning for almost a year compounded by Vanderburgh dereliction of duties where accepting documents caused a deprivation of a mandatory privileged fair hearing, due course of justice and law, a nonimpartial decision- making authority, a competent decision-maker, and paupered pro-se right privileges by act and/or omission under the color of law. see exhibit"A"

83. Vanderburgh did allow Christina by Goedde to silently evade discovery requests and unjustly misrepresent facts and/or law to Plaintiff and Vanderburgh attempting to deny Plaintiff a fair custody determination hearing concerning Christina's correct mental status, legal position and decisions of Plaintiff's son in everyday activities wantonly

without appropriate reasoning by act and/or omission under the color of law. see exhibit "A"and"K"

84. On or about February 9, 2010 Vanderburgh condoned by act and/or omission Goedde's untimely and false representation of circumstances surrounding Plaintiff's separation from employment as "willing" attempting to unjustly enrich Christina with unreasonable and inappropriate sums of money and an inflated retroactive child support payment amount under the color of law. see exhibit"A"

85. On or about February 9, 2010 Vanderburgh and Geode did allow Christina to testify falsely as to number of unprovoked governmental intrusions were commenced against Plaintiff and Plaintiff's property for Christina from August 27, 2008 through October of 2008 in cause:82D01-0812-JP-669 after knowing the same to be false by Evansville and Vanderburgh records, minutes and evidence presented by parties and failed to correct it tainting the outcome and relief of contested matters for all parties and germination of unfavorable position held by Plaintiff under the color of law. see exhibit "A"

86. Goedde did recklessly and wantonly use irrelevant and illegally obtained evidence and unethically and falsely characterize PLAINTIFF in discovery stages of paternity hearing as "suffering from mental defects" in matter:82D01-0812-JP-669 and allowed it to go uncorrected unjustly tainting the outcome and relief in the contested matter for all appropriate parties under the color of law. see exhibit"A"

87. Vanderburgh did allow Goedde by act and/or omission to litigate unfairly allowing ORDERS prepared without review of Plaintiff and/or deceivingly by act and/or omission

outside normal practices of law and procedures unfairly, deceivingly or incompetently securing inappropriate relief for Christina throughout matter: 82D01-0812-JP-669 under the color of law. see exhibit "A"and"K"

88. On or about March 12, 2009 Vanderburgh did shout at Plaintiff "YOU'D BETTER GO FIND IT" during paternity hearing :82D01-0812-JP-669 requesting DNA testing use where Plaintiff stated an inability to pay for testing costs outside normal privileges and scope of guidelines applicable to financially disabled people in paternity matters afforded to similarly situated persons under the color of law. see exhibit "A"

89. On or about October 22, 2008 Vanderburgh did cause an entire audience of onlookers and complainants to heckle Plaintiff when alleging *false pretense* defense in matter: 82D05-0809-CM-05986 to Vanderburgh as grounds for dismissal of the criminal matter when deceivingly and mockingly telling Plaintiff and all onlookers "*there's no such thing*" under the color of law. see exhibit"A"

90. Vanderburgh recklessly allowed Loren Raven to deceivingly and falsely represent Target National Bank was "not a debt collector" and use authority outside Indiana and FTC commentary opposite of 15 USC 1992 (A) despite unambiguous language of the FDCPA, patterned interpretation in Indiana that Target **was** a debt collector under the circumstances and Indiana's customary practices of awarding relief in various forms in similar circumstances involving predatory debt collections by collectors as plead by Plaintiff throughout 82D05-0809-CM-05986 and unjustly enriched Target National Bank deceitfully in the amount of $5,956.38 plus interest and court costs when less than

$5,956.38 was proper under the color of law. see exhibit"H"and"L"

91. On or about January 27, 2009 Vanderburgh by Pigman heard testimony in a criminal matter establishing determination of self-defense against unconsented governmentally created exigent circumstances initiated, maintained and completed by persons other than Plaintiff invading Plaintiff's dwelling unconsensually September 2, 2008 –but stripped qualified immunity privileges from Plaintiff before, during and after prosecution failing to recognize entitlement of qualified immunity privileges as maintained and stressed by Plaintiff throughout case:82D05-0809-CM-05986 when it is mandatory by Indiana statues and consistent accustomed practice since 1996 with Indiana State and Federal courts concerning resistance of unlawful force, excessive force, unpeaceful arrests and home invasions by others against Plaintiff unjustly enriching Vanderburgh in the amount of $1.00 plus court costs totaling over $165.00 and causing Plaintiff mental stress fearing another erroneous incarceration under the color of law. see exhibit "A"

92. On or about August 3, 2009 Vanderburgh did state to Plaintiff Vanderburgh would not recover Plaintiff's personal property unreasonably seized as commonly practiced in Indiana where confiscated property is unreasonably seized and/or not criminally involved in closed and/or cold cases and to deal directly with Evansville Police who claim not understand Plaintiff and/or reasonable means to regain appropriate control of property and interests in damages without suing under the color of law. see exhibit "A" and "M"

93. On or about June 15, 2009 around 8:00 a.m. Vanderburgh Traffic Clerks did obstruct a reasonable privileged request to be an "add-on" in a pending matter for medical reasoning unjustly enriching Vanderburgh in the amount of $26.00 without appropriate

access to the Courts obstructing an automatic mandatory reconsideration of involuntary default decision in matter: 82D05-0902-IF-02277 where Plaintiff was hospitalized for stress-related chest pains when ORDERED to appear in court under the color of law. see exhibit"A"

94. Throughout 2010 Vanderburgh was formally requested by telephone to release documents and objects used as exhibits in matter:82D01-0812-JP-669 as accustomed practice by Vanderburgh through LR82-AR7-1.24 with others but was told incompetently to call elsewhere because they are unauthorized and/or unaware of retrieval methods concerning documents and exhibits by individuals while unconsensually retaining custody and control of Plaintiff's personal property interests obstructing access to additional privileged relief and interest in miscellaneous matters under the color of law. see exhibit"A"

95. On or about June 22, 2010 Vanderburgh telephoned Plaintiff's home under an unknown Judge's instructions informing Plaintiff "exhibits used in court proceedings cannot be retrieved after the matter is closed as part of the permanent record" in Vanderburgh and Plaintiff "would have to sue" to recover Plaintiff's exhibits in court proceedings in Vanderburgh under the color of law. see exhibit"A"

96. On or about February 4, 2009 Vanderburgh issued an arrest writ in Cause: 82D05-0809-CM-05986 when Plaintiff failed to immediately pay fines of $1 January 27, 2009 was discovered when Evansville Police detained Plaintiff without issuing a ticket or arresting Plaintiff while demanding knowledge who Plaintiff's lawyer is and began intruding on Plaintiff's personal safety space distance frightening Plaintiff choosing to

remain silent previously tasered inappropriately in governmentally created exigent circumstances for verbal communication by this same agency- the officer began angrily shouting "GET OUT OF THE CAR!" and for "back-up" slowly getting closer to Plaintiff outside the vehicle while placing his hand on his firearm unhooking the latch grumbling under the breath about Plaintiff's silence soon witnessed by a female officer who ordered him to "STOP!" "IT'S NOT RIGHT!" upon swift arrival traveling incorrectly on a one way without using emergency lights and/or alerting devices ending the extremely tense conditions created and maintained for approximately 20 minutes by her fellow officer inappropriately by pulling the officer to one side distancing Plaintiff and the angry officer allowing Plaintiff to leave without further detainment, punishment and/or intrusive actions towards Plaintiff's enjoyment of the day under the color of law. see exhibit "A"

97. Plaintiff reserves his right to amend and address additional claims if applicable.

## D. CAUSES OF ACTION

Count 1 : violation of US Const.Art.3 sec.1

Plaintiff recites, realleges and incorporates by reference paragraphs 39, 55, 57-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or

immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 2 : violation of US Const.Art.4sec.2 equal privileges and immunities guarantee Plaintiff recites, realleges and incorporates by reference paragraphs 35-54, 56-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 3 : violation of US Art.6 executive and judicial officers are bound by oath supporting US Constitution
Plaintiff recites, realleges and incorporates by reference paragraphs 35-97and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in

legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 4 : violation of US Const.Am.1 prohibition on lawmaking abridging exercise of rights to freedom of speech

Plaintiff recites, realleges and incorporates by reference paragraphs 37, 39, 44, 47, 58, 65, 68, 75, 78, 88, 97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 5 : violation of US Const.Am.4 prohibition of unreasonable searches and seizures

rights of US citizens

Plaintiff recites, realleges and incorporates by reference paragraphs 36-53, 72, 73, 93, 95, 96, 97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 6 : violation of US Const.Am.5 prohibition on deprivation of life, liberty and property without due course of law and taking of private property for public use without just compensation

Plaintiff recites, realleges and incorporates by reference paragraphs 35- 37, 39-55, 57-70, 72-89, 91-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course

of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 7 : violation of US Const.Am.6 compulsory process obtaining cause of accusation and favorable evidence when criminally prosecuted guarantee

Plaintiff recites, realleges and incorporates by reference paragraphs 39, 59, 62-64, 94 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 8 : violation of US Const.Am.14sec.1 prohibition of abridging privileges and immunities of US citizens, prohibition of States depriving citizens life, liberty, or property without due process of law, prohibition on depriving citizens equal protection of the laws

Plaintiff recites, realleges and incorporates by reference paragraphs 35-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 9 : violation of 18 USC sec.4 misprision of felony

Plaintiff recites, realleges and incorporates by reference paragraphs 39, 40-45, 47, 56-58, 60, 61, 65, 66, 72-77, 79, 84,-88, 91, 92, 97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 10. violation of 18 USC sec.232 maintaining armed civil disorder causing damages and indefinite impairment to plaintiff's body and enjoyment of everyday life leaving plaintiff terrorized

Plaintiff recites, realleges and incorporates by reference paragraphs 38- 46, 50 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 11. violation of 18 USC 241 conspiracy to deprive Plaintiff property interests

Plaintiff recites, realleges and incorporates by reference paragraphs 35-52, 55, 97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or

immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 12. violation of 18 USC 242 deprivation of rights while armed with dangerous and/or deadly weapons

Plaintiff recites, realleges and incorporates by reference paragraphs 35-37, 39-53, 97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 13 : violation of 18 USC sec.1505 obstructing due course of law

Plaintiff recites, realleges and incorporates by reference paragraphs 37, 39, 44, 47, 50, 51, 55, 57-66, 68, 69, 71-89, 91-94 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all

defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 14 : violation of 18 USC sec.1512 misleading conduct toward another to conceal wrongs

Plaintiff recites, realleges and incorporates by reference paragraphs 35-37, 39, 47, 49, 51, 54-66, 68, 69, 71, 72, 74-80, 82, 84-88, 91-93, 96, 97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 15 : violation of 18 USC sec.1621 perjury

Plaintiff recites, realleges and incorporates by reference paragraphs 39, 47, 56-58, 61, 65, 72, 78, 79, 84-86, 91 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 16 : violation of 18 USC sec.1622 subordination to perjury

Plaintiff recites, realleges and incorporates by reference paragraphs 39, 47, 57, 58, 60, 61, 65, 68, 69, 72, 76-79, 84-87, 91 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course

of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 17 : violation of 18 USC sec.1623 false declarations before a court
Plaintiff recites, realleges and incorporates by reference paragraphs 39, 47, 56-58, 60, 61, 65, 67, 72, 79, 84-87, 91 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 18: violation of 18 USC sec.2236 searches without warrant
Plaintiff recites, realleges and incorporates by reference paragraphs 38-43, 47, 49, 50, 52, 53, 69 and exhibits named therein in the same force and effect as if here written.
At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land

because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 19 : violation of 42 USC sec.14141 prohibition of patterns or practices of public employees that deprive persons of rights, privileges or immunities secured or protected by the US Constitution and laws

Plaintiff recites, realleges and incorporates by reference paragraphs 35-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 20 : violation of 42 USC sec.1981 (a): equal rights in Indiana
Plaintiff recites, realleges and incorporates by reference paragraphs 35-37, 39-55, 57-82,

84-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 21 : violation of 42 USC sec.1981 (c): full and equal benefit of all laws without impairment under color of law

Plaintiff recites, realleges and incorporates by reference paragraphs 35-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 22 : violation of 42 USC sec.1982 : equal property rights

Plaintiff recites, realleges and incorporates by reference paragraphs 35-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 23 : violation of 42 USC.sec.1983 refusing or neglecting to prevent harm to persons

Plaintiff recites, realleges and incorporates by reference paragraphs 35-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course

of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 24 : violation of 42 USC sec.1985(3): retaliation against persons freely exercising rights

Plaintiff recites, realleges and incorporates by reference paragraphs 37, 39-69, 71-80, 82-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 25 : violation of 42 USC sec.1986 neglect to prevent conspiracy against persons

Plaintiff recites, realleges and incorporates by reference paragraphs 37-47, 49, 50-58, 60-66, 68-72, 74-80, 82, 84-88, 90-93, 95-97 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in

legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

Count 26 : violation of Fair Debt Collection Practices Act: 15 USC 1692 (E)

Plaintiff recites, realleges and incorporates by reference paragraphs 39, 71, 91 and exhibits named therein in the same force and effect as if here written.

At all times relevant the laws of the United States and Indiana were in full effect and all defendants are lawyers, employees of lawyers, familiar with or should be competent in legal proceedings and procedures, practices, policies and customs for laws of the land because of attorney accessibility subject to their actions while acting under public office and/or public officers working a denial and/or obstruction of equal rights, privileges or immunities secured by US and/or Indiana constitutions and laws obstructing due course of law and/or justice financially gaining for their own benefit in ways other than consented to by Plaintiff unjustly without due process of law causing damage and/or decrease in enjoyment of everyday life for Plaintiff since defendant acts.

### E. PREVIOUS LAWSUITS

Plaintiff was a party to previous actions in state court dealing with the some of the same facts.

1. 82D02-9810-CF-844 Parties State v. David Campbell initiated in Vanderburgh County disposition: dismissed.

2. 82D02-9810-CF-784 Parties State v. David Campbell initiated in Vanderburgh County October 22, 1998 after initial contact from Evansville disposition: finding of guilt for Burglary, a Class B felony, Theft, a Class D felony, Contempt of Court after a jury trial August 31, 1999 and received an aggregated sentence of 15 years with Contempt consecutive to Burglary and Theft charge later corrected by Plaintiff *pro-se* unconstitutionally for initial constitutional violations for deprivation of a fair hearing.

3. 82D05-0809-CM-5986 Parties : State v. David Campbell initiated in Vanderburgh County Evansville , Indiana September 3, 2008   disposition : finding of guilt and fined $1 plus court costs due to self-defense determination against home invasion initiated by EPD and other defendants named herein above January 27, 2009.

4. 82D01-0812-JP-669 Parties : In Re the Paternity of Xxavier Alex Campbell by next of friend David Campbell v. Christina Bowler initiated in Vanderburgh County Evansville, Indiana December 9, 2008  disposition : Plaintiff is biological Father, Christina has primary custody, Plaintiff ordered $25 wkly support and $5.00 wkly for arrears, limited supervised visitation rights and no other forms of contact permitted by Plaintiff's family for unknown reasons February 9, 2010.

5. 82D03-0809-PO-04878 Parties : Christina v. David Campbell initiated in Vanderburgh county Evansville, Indiana September 2, 2008  disposition : insignificant property belonging to Plaintiff was returned after inappropriation during trespasses but Plaintiff denied money awards and order of protection issued until September 30, 2010 for Christina and Xxavier without proper explanation why.

## F. REQUEST FOR RELIEF

1. An establishing of a effective Vanderburgh County and/or City of Evansville funded means for indigents and indigent pro-se litigants involved in Vanderburgh County proceedings enabling copying services, typing services and reasonable means to prepare and serve documents meeting applicable rules tailored to action-specific procedural requirements at attorney standards with State funding

2. An establishing of a competent and effective Vanderburgh Office overseeing execution of court ORDERS for all civil matters with State funding

3. An establishing of a competent Vanderburgh Office effectively overseeing citizen needs when accessing Vanderburgh Records information and retrieval of property in court custody with State funding

4. An establishing of reasonable means for incarcerated persons in Vanderburgh to do legal research, prepare and create documents, copying services, and prosecute matters when litigating pro-se and/or do not want an attorney with State funding

5. Order Plaintiff unsupervised, unobstructed, unlimited access to Evansville Police Department

6. ORDER release of all Plaintiff's confiscated property seized never determined criminally used or criminally acquired by Plaintiff by Vanderburgh and explain why retaining custody or failing to assist Plaintiff in regaining control of his property or show cause why compensation and/or property return is improper

7. Compensation for all documented jail time unconstitutionally served in Indiana in addition to RELIEF SOUGHT amounts as the court sees proper against relevant parties and/or municipals from State funds

8. ORDER compensation for inappropriated property unreasonably seized under the color of law by defendants and named parties from Evansville, EPD, Vanderburgh and Vanderburgh Legal Aid in addition to RELIEF SOUGHT amounts as the court sees proper from State funds

9. Unlimited unobstructed Plaintiff's Parenting Rights and Brady Rights restored in State of Indiana and NOTICE provided to all relevant parties effected for possible objection due to plaintiff's position as victim of possible political terrorism and circumstances surrounding acts of defendants position under color of law and plaintiff was alone and always under resourced inflicted by defendants and/or outnumbered significantly.

10. Establishing of an effective means for Parents under Supervised Visitation to equally exercise their Parental rights to know their children without undue hardships (finacial handicap or otherwise).

10. ORDER compensation for indefinite injuries and damages to Plaintiff's person, properties and loss of gainful employment from defendants as follows from State funds and/or individual awards against persons and/or their affiliated entity

Seven million dollars from Evansville, EPD and/or employees thereof for individual and/or aggregated inappropriate acts and omissions and/or neglecting to prevent inappropriate harm towards Plaintiff on numerous occasions while acting under the color of law

One million dollars from Legal Aid Society and/or attorney Kevin Gibson failing to correct mistakes in fact and/or law when mandatory and/or neglecting to prevent erroneous and/or irreparable harm to Plaintiff's Parenting Liberties in 82D03-0809-PO-

04878 while acting under the color of law

Seven million dollars from Vanderburgh and/or agencies/employees thereof for individual and/or aggregated failures to award relief when mandatory, derelicting duties owed Plaintiff causing unfair hearings, obstructing access to courts causing unjust money awards and inappropriately keeping Plaintiff's property without compensation and/or warnings

Seven hundred thousand dollars from Javitch, Block and Rathbone and/or Loren Raven for deceitful litigation practices during 82D03-0903-CC-01237 and/or deceitful misrepresentation of fact and/or law unjustly enriching their clients and themselves while acting under the color of law

Two million dollars from Goedde Law Offices, PC and/or Craig Goedde for unfair and deceitful litigation practices, subordination to perjury during 82D01-0812-JP-669, deceitful misrepresentation of fact and/or law causing an unfair hearing while acting under the color of law

11. ORDER exemplary damages from State funds and/or defendants and/or affiliated entities as follows :

Ten million dollars from Evansville, EPD and/or its employees and ordained persons individually and/or collectively as one unit for partially disabling Plaintiff indefinitely, depriving Plaintiff liberty and property rights, privileges, and or immunities while trespassing unconstitutionally under governmentally created and/or instigated exigent circumstances while armed with dangerous and/or deadly weapons on and in Plaintiff private residence property under the color of law

Two million dollars from Vanderburgh and/or its employees individually and/or as one

unit for failing to award relief when mandatory, causing Plaintiff's involuntary separation from employment, failing to serve issued ORDERS and uphold relevant Constitutions and Laws in good behavior under the color of law

Five hundred thousand dollars from Legal Aid and/or Kevin Gibson individually and/or as one unit for irreparable damages caused by fraudulent protective order alienating Plaintiff from Xxavier inappropriately under the color of law

One million dollars from Goedde Law and/or Craig Goedde individually and/or as one unit for misrepresentations of facts and law during paternity matter, failing to serve orders for review to opposing parties, and inappropriately seeking unjust relief throughout paternity matter under the color of law

12. An Order mandating politically positioned defendants not discharged and/or involuntarily discharged from office and/or prosecuted to uphold U.S. and Indiana Constitutions and Laws henceforth and their agencies furnish damage awards for expenses incurred due to Plaintiff's involuntary separation from employment, medical expenses incurred relevant to injuries to Plaintiff's person by offending parties as they become known and immediate complete career retraining expenses for Plaintiff and/or job placement within effected agencies consistent with Plaintiff's disability to enable just economic rejuvenation of Plaintiff's household and enjoyment of everyday life now hindered indefinitely due to political terrorism of Vanderburgh and Evansville residents and/or public officials.

13. Court Order Politically positioned defendants create and follow positive agency/departmental education policy and procedures to prevent arbitrary actions toward persons subject to named defendants and/or agencies authority in the future and certify it

to this Court bi-annually for ten years before, during and after creation and implementations thereof for review and approval of this Court.

14. Order all data subject misinformation known relevant to this matter corrected by Indiana Agencies, issue ORDER for Plaintiff instructing effected agencies to allow Plaintiff indefinite equal unlimited accessibility to data subject information further certifying to this Court corrective actions concerning the public records held on Plaintiff have been thoroughly corrected or become further liable to Plaintiff and Contempt of this Court.

15. Affected agencies *not protecting or condoning employee action impeach and prosecute named persons forthwith after service of this complaint and provide Plaintiff and this Court proof of its corrective actions with oral and written public apologies for indefinitely disabling Plaintiff physically and emotionally.*

" The undersigned declares under the penalty for perjury that he/or she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and correct.**

_____ "
**Plaintiff Signature**

Executed at 3408 Igleheart Avenue Evansville Vanderburgh County, Indiana on August 4, 2010.

*Plaintiff demands a trial by jury for all causes of action.*

I request the Court's assistance in serving process on the defendant's ___yes ____no